UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY ("DHS"); TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); RACHEL CANTY, in her official capacity as Deputy Assistant Director of SEVP; STUDENT AND EXCHANGE VISITOR PROGRAM ("SEVP"); and UNKNOWN OFFICER(S) #1-6 of the United States government sued in their personal capacities.<br><br>    Defendants. | COMPLAINT<br><br>Case No: 2:25-cv-00633<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, ADMINISTRATIVE PROCEDURE ACT REVIEW, AND DAMAGES UNDER BIVENS** |

COMPLAINT
Case No: 2:25-cv-00633                Page 1 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA  98108
(206) 357-4218

**INTRODUCTION**

1. Plaintiff John Doe, an international student from China lawfully studying in the United States in F-1 status, brings this action to challenge the unlawful and unconstitutional termination of his Student and Exchange Visitor Information System (SEVIS) record by Defendants, based solely on a pending DUI arrest without any conviction. This arbitrary termination abruptly stripped Doe of his lawful immigration status, endangers his ability to complete his doctoral program at the University of Washington, and subjects him to immediate risk of detention and removal.

2. Despite Doe's full compliance with all requirements of his F-1 student status and continued good standing at the University of Washington, Defendants unlawfully terminated his SEVIS record without any notice or opportunity to respond. Defendants' action violates the Administrative Procedure Act (APA), as it was arbitrary, capricious, exceeded statutory authority, and disregarded mandatory regulatory requirements under 8 C.F.R. §§ 214.1(g) and 214.2(f). Defendants further violated Doe's Fifth Amendment rights by failing to provide constitutionally required procedural due process.

3. Doe additionally asserts a *Bivens* claim against UNKNOWN OFFICER(S) #1-6, employees or agents of the United States government who personally participated in the unlawful termination of his SEVIS record, causing Doe substantial harm, emotional distress, and reputational injury.

4. Due to the sensitive nature of this case, including Doe's vulnerability to retaliation, harassment, detention, or removal by Defendants or third parties, Plaintiff respectfully seeks leave of this Court to proceed pseudonymously as "John Doe."

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

6. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(e)(1) because Plaintiff resides in King County, Washington, within this judicial district, and a substantial part of the events giving rise to Plaintiff's claims occurred here. Venue in the Seattle sub-

COMPLAINT
Case No: 2:25-cv-00633    Page 2 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA 98108
(206) 357-4218

district is appropriate because Plaintiff attends the University of Washington, located in Seattle, Washington, and therefore a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

7. Plaintiff JOHN DOE is a citizen of China residing in King County, Washington. He was admitted to the United States in lawful F-1 student status and is currently enrolled in a doctoral program at the University of Washington.

8. Defendant KRISTI NOEM is the Secretary of Homeland Security and is sued in her official capacity. In this capacity, Defendant Noem is responsible for enforcing and administering immigration laws, policies, and regulations, including those governing SEVIS and student visas.

9. Defendant DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal cabinet-level department responsible for immigration enforcement and oversight, including the Student and Exchange Visitor Program (SEVP).

10. Defendant TODD LYONS is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), a component agency of DHS responsible for enforcing immigration laws, including those related to international student compliance. He is sued in his official capacity.

11. Defendant IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE") is an agency within DHS responsible for enforcing immigration laws, including oversight of SEVP.

12. Defendant RACHEL CANTY is the Deputy Assistant Director of the Student and Exchange Visitor Program ("SEVP"), a division within ICE that administers the SEVIS database. She is sued in her official capacity.

13. Defendant STUDENT AND EXCHANGE VISITOR PROGRAM ("SEVP") is a component of ICE responsible for managing SEVIS and ensuring compliance with regulations governing international students.

14. Defendants UNKNOWN OFFICER(S) #1-6 are employees or agents of the United States government who participated personally in the unconstitutional termination of Plaintiff's

COMPLAINT
Case No: 2:25-cv-00633    Page 3 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA 98108
(206) 357-4218

SEVIS record. They are sued in their individual capacities under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## LEGAL FRAMEWORK

15. The Immigration and Nationality Act ("INA") and related federal regulations govern the issuance, maintenance, and termination of F-1 student status. To remain lawfully in the United States, an F-1 student must maintain compliance with specific requirements, including continuous enrollment in a full course of study and refraining from unauthorized employment. See 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.2(f).

16. The Student and Exchange Visitor Information System ("SEVIS") is a database managed by SEVP to monitor international students' compliance with their visa conditions.

17. Under 8 C.F.R. § 214.1(f), an F-1 student must maintain continuous full-time enrollment, refrain from unauthorized employment, and otherwise comply with all the terms of admission to remain in status. Failure to meet these requirements may lead to termination of a student's SEVIS record. Additionally, 8 C.F.R. § 214.1(g) provides for automatic termination of nonimmigrant status if the student is convicted of a crime of violence for which a sentence of more than one year may be imposed. Nothing in these regulations authorizes termination based solely on an arrest without a conviction or a mere allegation of wrongdoing.

18. Termination of a student's SEVIS record constitutes final agency action with immediate and substantial legal consequences, rendering the student unlawfully present and potentially subject to detention and removal. Such terminations must comply with regulatory requirements and constitutional due process, including sufficient cause and an opportunity to contest or rectify any erroneous terminations.

19. Consistent with *Fang v. Dir., U.S. Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019), termination of a SEVIS record is a final agency action subject to immediate judicial review under the APA, as there is no adequate administrative remedy to reverse an erroneous

COMPLAINT
Case No: 2:25-cv-00633                    Page 4 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA 98108
(206) 357-4218

termination. *See also Guilford Coll. v. McAleenan*, 389 F. Supp. 3d 377, 391 (M.D.N.C. 2019).

**FACTUAL BACKGROUND**

20. Plaintiff John Doe entered the United States lawfully on an F-1 student visa issued on May 11, 2021, for attendance at the University of Washington in Seattle.

21. Doe was admitted by Customs and Border Protection ("CBP") at Los Angeles International Airport on May 22, 2021, for duration of status ("D/S").

22. Doe's F-1 student visa expired on May 9, 2022.

23. Doe has consistently maintained compliance with all F-1 requirements, including continuous full-time enrollment in his doctoral program at the University of Washington.

24. Doe had traveled by land to Canada and was lawfully readmitted on June 8, 2023, through Automatic Visa Revalidation ("AVR") pursuant to 8 C.F.R. § 214.1(b) and 22 C.F.R. § 41.112(d), demonstrating his continuous lawful status.

25. Doe's expired F-1 student visa has not been revoked, and no new grounds for revocation have arisen since its expiration.

26. In September 2023, Doe was arrested and charged under RCW 46.61.502 for driving under the influence ("DUI"), a nonviolent misdemeanor with a maximum penalty of 364 days imprisonment. No conviction has been entered.

27. A penalty of 364 days is less than one year.

28. Doe's current Form I-20, issued by the University of Washington on June 4, 2024, was valid until December 12, 2025.

29. Defendants terminated Doe's SEVIS record on April 7, 2025.

30. According to the email from the University of Washington, Defendants' entire basis for terminating Doe's SEVIS record was: "Otherwise failing to maintain status - individual identified in criminal records check and/or has had their VISA revoked."

31. Defendants' cited grounds for termination of Doe's SEVIS record are neither factually accurate nor legally sufficient under applicable statutes and regulations.

COMPLAINT
Case No: 2:25-cv-00633   Page 5 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA 98108
(206) 357-4218

32. A first-time DUI offense under RCW 46.61.502, lacking any element of violence and punishable by no more than 364 days, does not constitute a "crime of violence" under 8 C.F.R. § 214.1(g). *Cf. Leocal v. Ashcroft,* 543 U.S. 1, 11-13 (2004) (holding that DUI offenses are not "crimes of violence" under 18 U.S.C. § 16).

33. Defendants termination of Doe's SEVIS record violates 8 C.F.R. § 214.1(g), as Doe has neither been convicted of a qualifying crime nor otherwise violated his student status.

34. To date, Defendants have not contacted Plaintiff directly to provide notice of termination nor to provide any opportunity for Plaintiff to respond to the termination or contest the accuracy of the allegations.

35. Doe's university supports his reinstatement, affirming his good academic and disciplinary standing.

36. The Defendants' unlawful termination of DOE's SEVIS record places Doe at imminent risk of detention, removal, and irreparable academic, professional, and personal harm.

## CLAIMS

**COUNT I:**   *Administrative Procedure Act –*

   *Arbitrary and Capricious Agency Action (5 U.S.C. § 706(2)(A))*

37. Defendants terminated Doe's SEVIS record despite Plaintiff's continued compliance with all regulatory requirements for maintaining lawful F-1 student status, including full-time enrollment, absence of unauthorized employment, and lack of conviction for a crime of violence.

38. Defendants provided no factual basis or reasoned justification for their decision to terminate Doe's SEVIS record.

39. Defendants' only stated justification for termination is that Mr. Doe was "identified in criminal records check and/or has had their visa revoked." This disjunctive statement fails to identify the alleged misconduct underlying the termination.

40. The alleged criminal activity is an arrest for a nonviolent misdemeanor offense with a maximum sentence of 364 days. This offense does not meet the definition of a crime of

COMPLAINT
Case No: 2:25-cv-00633   Page 6 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA 98108
(206) 357-4218

violence under 8 C.F.R. § 214.1(g) or any other regulatory provision, and the purported visa revocation is unsubstantiated. Neither ground alone or in combination provides a lawful basis for SEVIS termination under the applicable statutes and regulations.

41. Defendants' termination of Doe's SEVIS record is arbitrary, capricious, and manifestly contrary to law in violation of 5 U.S.C. § 706(2)(A).

42. Doe has suffered and continues to suffer irreparable injury and harm due to Defendants' unlawful action, entitling Doe to relief under the Administrative Procedure Act.

**COUNT II:** *Administrative Procedure Act –*
*Agency Action in Excess of Statutory and Regulatory Authority (5 U.S.C. § 706(2)(C))*

43. Defendants' termination of Plaintiff's SEVIS record exceeded their statutory and regulatory authority by allegedly basing termination solely on an erroneous claim of revocation of Doe's visa or a nonviolent misdemeanor arrest that does not provide a lawful basis for termination.

44. No governing statutory or regulatory provision authorizes terminating Doe's SEVIS record and student status on the grounds alleged by Defendants.

45. Doe is entitled to relief under 5 U.S.C. § 706(2)(C), including vacating Defendants' unlawful termination of Doe's SEVIS record.

**COUNT III:** *Administrative Procedure Act –*
*Action Without Observance of Procedure Required by Law (5 U.S.C. § 706(2)(D))*

46. Defendants failed to follow the procedure required by law prior to terminating Doe's SEVIS record. Defendants terminated Doe's SEVIS record on improper grounds without prior notice and without providing Doe with an opportunity to respond.

47. Defendants' action constitutes an impermissible departure from legally mandated processes and deprives Doe of fair and orderly agency procedure.

48. Doe is entitled to relief under 5 U.S.C. § 706(2)(D) vacating Defendant's termination of his SEVIS record and restoring his lawful student status.

COMPLAINT
Case No: 2:25-cv-00633        Page 7 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA 98108
(206) 357-4218

**COUNT IV:**   *Fifth Amendment – Violation of Procedural Due Process*

49. Doe possesses a constitutionally protected liberty and property interest in his lawful immigration status, continued enrollment in his doctoral program, and reputation free from unwarranted stigma.

50. Defendants unlawfully terminated Doe's SEVIS record without following their own regulatory requirements, without providing notice, without affording an opportunity to respond, or without providing any hearing, thereby violating Doe's procedural due process rights under the Fifth Amendment to the United States Constitution.

51. Doe has suffered and continues to suffer irreparable injury, including harm to his educational career, professional opportunities, reputation, and personal security, as a result of Defendants' denial of constitutionally required procedural protections.

52. Doe is entitled to declaratory and injunctive relief to remedy Defendants' unconstitutional conduct.

**COUNT V:**   *Bivens Action for Fifth Amendment Due Process Violations*
        *(Against Unknown Officer(s) #1-6)*

53. Unknown Officer(s) #1-6, acting individually and under color of federal law, personally participated in the unconstitutional termination of Doe's SEVIS record, intentionally or recklessly disregarding Doe's clearly established procedural due process rights.

54. These individual defendants knowingly acted outside regulatory authority and unlawfully deprived Doe of his lawful status, liberty, and property interests without due process of law.

55. As a direct and proximate result of these unconstitutional acts, Doe suffered substantial injury including loss of lawful status, emotional distress, harm to academic and professional reputation, and other damages.

56. Doe is entitled to monetary damages against Unknown Officer(s) #1-6 pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violation of his Fifth Amendment procedural due process rights.

COMPLAINT
Case No: 2:25-cv-00633    Page 8 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA 98108
(206) 357-4218

57. Although the Supreme Court has more recently restricted the expansion of *Bivens* remedies (*see Egbert v. Boule*, 142 S. Ct. 1793 (2022)), the Ninth Circuit has previously recognized a *Bivens* claim for egregious due process violations by ICE officers. *Lanuza v. Love*, 899 F.3d 1019, 1028-29 (9th Cir. 2018).

**RELIEF**

WHEREFORE, Plaintiff John Doe respectfully requests that this Court:

A. Assume jurisdiction over this action and grant Plaintiff leave to proceed pseudonymously as "John Doe";

B. Immediately issue a Temporary Restraining Order and subsequently a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and 5 U.S.C. § 705 (stay of agency action), requiring Defendants to restore and maintain Plaintiff's SEVIS record in active status pending final resolution of this case;

C. Issue a Temporary Restraining Order and Preliminary Injunction enjoining Defendants DHS and ICE from initiating removal proceedings, detaining Plaintiff, or otherwise interfering with Plaintiff's lawful presence and ability to pursue his academic program, solely based on the claims raised in this Complaint including the termination of Plaintiff's SEVIS record, pending the outcome of this litigation.

D. Declare pursuant to 28 U.S.C. §§ 2201–2202 that Defendants' termination of Plaintiff's SEVIS record was arbitrary, capricious, exceeded statutory authority, and violated the Administrative Procedure Act and Plaintiff's Fifth Amendment due process rights;

E. Permanently vacate Defendants' unlawful termination of Plaintiff's SEVIS record, ordering Defendants to immediately reinstate Plaintiff's active F-1 status in SEVIS;

F. Award Plaintiff compensatory damages against Defendants UNKNOWN OFFICER(S) #1-6 in an amount to be proven at trial under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violations of Plaintiff's Fifth Amendment due process rights;

G. Award Plaintiff reasonable attorney fees, litigation costs, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

COMPLAINT
Case No: 2:25-cv-00633         Page 9 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA  98108
(206) 357-4218

H.  Grant Plaintiff any such further relief as this Court deems just, equitable, and proper.

Respectfully submitted this 8th day of April 2025.

By:

/s/ Jay Gairson
Jay Gairson, WSBA No. 43365
**Gairson Law, LLC**
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218
jay@gairson.com

COMPLAINT
Case No: 2:25-cv-00633

Page 10 of 10

GAIRSON LAW, LLC
4606 MLK Jr Wy S
Seattle, WA 98108
(206) 357-4218