1

2

3

4

5

6

7

8

The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

JOHN DOE,

　　　　　　　　　　　　　Plaintiff,

　　　　v.

KRISTI NOEM, *et al.,*

　　　　　　　　　　　　Defendants.

Case No. 2:25-cv-00633-DGE

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Noted for Consideration:
April 15, 2025

15     Defendants Kristi Noem, sued in her official capacity as Secretary of Homeland Security;

16  Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of

17  United States Immigration and Customs Enforcement; Immigration and Customs Enforcement

18  (ICE); Rachel Canty, in her official capacity as Deputy Assistant Director of the Student and

19  Exchange Visitor Program (SEVP); and Student Exchange and Visitor Program oppose the

20  application for temporary restraining order filed by Plaintiff John Doe.

21     Doe, a Chinese national in the United States on an F-1 student visa, alleges that his record

22  in the Department of Homeland Security's Student Exchange Visitor Information System (SEVIS)

23  database was wrongfully terminated. He seeks a Temporary Restraining Order from this Court:

24  (1) requiring DHS to restore or reflect his F-1 status as active in DHS's SEVIS database;

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00633-DGE] - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    (2) precluding DHS from enforcing the termination of his SEVIS record while this case is pending;

2    and (3) precluding DHS from detaining or removing Doe from the United States based on the

3    SEVIS termination. Dkt. 3 at pp. 1-2, 15-16. Doe seeks extraordinary emergency relief under the

4    APA and the Fifth Amendment's Due Process Clause.[1]

5        To the extent that Doe asks this Court to restore his record in SEVIS to active, the relief

6    Doe seeks is not a prohibitory injunction to maintain the status quo. Instead, he seeks a mandatory

7    injunction compelling defendants to reverse the termination of his SEVIS record. Doe cannot meet

8    the heightened burden to show that such an injunction is required. Moreover, Doe seeks, through

9    the extraordinary remedy of a TRO, the final relief outlined in his complaint. *See* Dkt. 1 at 9. In

10   other words, Doe seeks a final judgment on the merits of his complaint on an expedited TRO

11   application. That alone is grounds for denial.

12       Furthermore, Doe has failed to demonstrate that he will be irreparably harmed if he does

13   not receive emergency relief before the parties can fully brief the merits of the issues. Doe also has

14   not shown that the balance of equities tips in his favor or that granting a mandatory injunction

15   would serve the public interest. The enforcement of U.S. immigration laws is the prerogative of

16   the Executive Branch. For these reasons, Doe's motion for a TRO should be denied.

17                                             **FACTS**

18   **A.    F-1 Status**

19       Nonimmigrant classifications convey permission for a foreign national to enter the United

20   States temporarily for a specific purpose. *See*, *e.g.*, 8 U.S.C. § 1101(a)(15). The F-1 nonimmigrant

21   classification allows foreign nationals to obtain permission to enter and remain in the United States

22

23

24

---

[1] Plaintiff has moved this Court to proceed under a pseudonym. By referring to plaintiff as Doe in this opposition, DHS does not concede that he has shown that he should be permitted to do so.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S                    UNITED STATES ATTORNEY
MOTION FOR TEMPORARY RESTRAINING ORDER              700 Stewart Street, Suite 5220
[Case No. 2:25-cv-00633-DGE] - 2                           Seattle, Washington 98101
                                                                (206) 553-7970

to pursue a full course of study at an approved school or educational program. *See* 8 U.S.C. § 1101(a)(15)(F)(i). DHS administers the F-1 Student Visa Program.

To qualify for an F-1 nonimmigrant visa, a foreign national is required to (1) apply and gain admission to an approved U.S. educational institution; (2) obtain a "Certificate of Eligibility for Nonimmigrant (F-1) Student Status -- For Academic and Language Students" (commonly referred to as a "Form I-20"); and (3) obtain a visa from the U.S. Embassy or Consulate where he resides. *Gao v. U.S. Dep't of Homeland Sec.*, No. 221CV03253CBMGJSX, 2022 WL 2903126, at *2 (C.D. Cal. June 15, 2022). The Form I-20 is issued by the approved U.S. education institution, not by DHS. 8 C.F.R. §214.2(f)(1)(ii).

To maintain F-1 status, a nonimmigrant student must "pursue a full course of study" or "engage in authorized practical training." 8 C.F.R. § 214.2(f)(5)(i). Practical training must be "directly related to [a student's] major area of study" in order to qualify as authorized training. 8 C.F.R. § 214.2(f)(10). Accordingly, without an underlying program of study, there is no way for a student to maintain his F-1 status.

While a nonimmigrant must maintain his course of study to maintain his F-1 status, he is not required to maintain the visa he obtained to enter the United States. Instead, F-1 visa-holders are admitted for their "duration of status"—meaning the student is authorized to stay in the United States while she or he is pursuing a full course of study at an educational institution approved for attendance by foreign students or engaging in authorized practical training following completion of studies. *See* 8 C.F.R. § 214.2(f)(5). This is true even if the student's visa expires while the student is in F-1 status. 8 C.F.R. §214.2(f)(5)(i).

An F-1 student who completes his course of study and any authorized training that follows may change to a different nonimmigrant status; otherwise legally extend their period of authorized stay in the United States; or leave the United States. *See* 8 C.F.R. § 214.2(f)(5)(iv). F-1 students

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00633-DGE] - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  who complete their course of study and any practical training that follows are allowed 60 days

2  after the completion of such to prepare for departure from the United States. *See id*. But F-1

3  students who fail to maintain status are not afforded a period for departure. *Id*.

4  **B.    The SEVIS system**

5  ICE maintains the SEVIS database. SEVIS is a web-based system used to maintain

6  information on nonimmigrant students and exchange visitors in the United States. *See* U.S.

7  Immigration and Customs Enforcement, *SEVP Overview*, https://www.ice.gov/sevis (last visited

8  April 14, 2025). Each F-1 student has an individualized SEVIS record that is updated by

9  Designated School Officials (DSOs) with biographical information relating to the student's lawful

10  status, including name, date and place of birth, nationality, current residential address, current

11  academic status, date of commencement and termination of studies, degree program and field of

12  study, and any authorizations for practical training. *See, e.g., Young Dong Kim v. Holder,* 737 F.3d

13  1181, 1182 n.2 (7th Cir. 2013) (school officials "must have an office at the school[,] be accessible

14  to the F ... students," and "must update and maintain student records in ... SEVIS") (citing 8 C.F.R.

15  § 214.3(*l*)).

16  When a nonimmigrant student fails to comply with the requirements to maintain F-1 status,

17  ICE can terminate his SEVIS record. *See* Department of Homeland Security, Study in the States –

18  SEVIS Help Hub Termination Reasons, https://studyinthestates.dhs.gov/sevis-help-hub/student-

19  records/completions-and-terminations/termination-reasons (Last visited April 14, 2025).

20  An I-20 Form is issued by a SEVP-certified University and remains valid for the duration

21  of a student's program, provided the student maintains F-1 status. 8 C.F.R. § 214.1(a)(3), 214.3(g);

22  *see also* Department of Homeland Security, Study in the States - DSOS and the Form I-20,

23  https://studyinthestates.dhs.gov/schools/report/dsos-and-the-form-i-20 (Last visited April 14,

24  2025).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00633-DGE] - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   **C.    Doe's allegations**

2        According to the Complaint, Doe is a Chinese national who applied for and received F-1

3   student nonimmigrant status under 8 U.S.C. § 1101(a)(15)(f)(1) and also received a visa from the

4   State Department. Dkt. 1 ("Compl.") ¶¶ 7, 17, 20.  He was admitted to the United States to attend

5   college at the University of Washington and entered the United States in May 2021.  Compl. ¶¶

6   20-21, 23. His visa expired on May 9, 2022. Dkt. 1, ¶ 22.

7        Doe alleges that he has maintained compliance with the course of study required by the

8   University of Washington. He says that on April 7, 2025, the University of Washington informed

9   him that his SEVIS record had nevertheless been terminated. Compl. ¶ 29-30. Doe believes that

10  the SEVIS termination could be related to an arrest for driving under the influence in September

11  2023. Compl. ¶¶ 26-27; *see also* Dkt. 7, Declaration of John Doe ("Doe Decl.") ¶ 11.

12                              **<u>STANDARD OF REVIEW</u>**

13       The standard for issuing a TRO is substantially identical to the standard for issuing a

14  preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839

15  n.7 (9th Cir. 2001). A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v.*

16  *Geren*, 553 U.S. 674, 689-90 (2008). A district court should enter a preliminary injunction only

17  "upon a clear showing that the [movant] is entitled to such relief." *Winter v. Natural Resources*

18  *Defense Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party

19  must demonstrate (1) that it is likely to succeed on the merits of its claims; (2) that it is likely to

20  suffer an irreparable injury in the absence of injunctive relief; (3) that the balance of equities tips

21  in its favor; and (4) that the proposed injunction is in the public interest. *Id*. at 20. These factors

22  are mandatory. As the Supreme Court has made clear, "[a] stay is not a matter of right, even if

23  irreparable injury might otherwise result" but is instead an exercise of judicial discretion that

24

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00633-DGE] - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   depends on the particular circumstances of the case. *Nken v. Holder*, 556 U.S. 418, 433 (2009)

2   (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

3          Because Doe seeks a mandatory injunction, the already high standard for granting a TRO

4   is "doubly demanding." *Garcia v. Google, Inc.* 786 F.3d 733, 740 (9th Cir. 2015). Under *Garcia*,

5   Doe must establish that the law and facts *clearly favor* his position, not simply that he is likely to

6   succeed. *Id*. Further, a mandatory preliminary injunction will not issue unless extreme or very

7   serious damage will otherwise result. *Doe v. Snyder*, 28 F.4th 103, 114 (9th Cir. 2022).

8                                          **<u>ARGUMENT</u>**

9   **A.    Doe Seeks a Judgment on the Merits via an Emergency Application**

10         By his application, Doe is not only seeking to preserve the status quo on a temporary basis.

11  Instead, Doe seeks to "restore or otherwise reflect" his SEVIS record as active. Dkt. 3 at 15.

12  Because he seeks emergency restoration of a record that has already been marked as terminated,

13  he seeks an order compelling the defendants to change the status quo and provide him the ultimate

14  relief he seeks in this litigation. As a matter of law, Doe is not entitled to what amounts to a

15  judgment on the merits at this preliminary stage. *See Mendez v. U.S. Immigration and Customs*

16  *Enforcement*, 2023 WL 2604585 at * 3 (N.D. Cal. Mar. 15, 2023) (quoting *Senate of Cal. v.*

17  *Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) for the proposition that "judgment on the merits in

18  the guise of preliminary relief is a highly inappropriate relief.").

19  **B.    Doe Cannot Establish the Requirements for an Injunction.**

20         **i.    No irreparable injury.**

21         Doe cannot carry his burden to show that irreparable harm will result in the absence of this

22  extraordinary relief. To satisfy this factor, Doe must demonstrate "a particularized, irreparable

23  harm beyond mere removal." *Nken v. Holder*, 556 U.S. 418, 438 (2009) (Kennedy, J., concurring).

24

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00633-DGE] - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Notably, a "possibility" of irreparable harm is insufficient; irreparable harm must be likely absent

2    an injunction. *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

3        Doe has not shown the sort of immediate harm that justifies the extraordinary remedy of a

4    TRO. Doe claims that termination of his SEVIS record will "nullify" four years of doctoral work

5    at the University of Washington, resulting in him having to "begin anew elsewhere, destroying

6    [his] academic and professional reputation and severely harming future employment

7    opportunities." Dkt. 3, pg. 12; Doe Decl. ¶ 12. But Doe offers only his own assertion that the

8    credits he has earned at the University of Washington will be lost or invalidated, that he cannot

9    resume his research if he were to prevail following full consideration of the merits of his claims,

10   and that the credits he has earned or the research he has completed at the University of Washington

11   cannot be transferred to another institution.

12       Additionally, Doe provides no evidence substantiating his claim that termination of his

13   SEVIS record will cause reputational damage or harm his future employment opportunities. Doe

14   Decl. ¶¶ 12-13. Bare statements regarding reputational harm are insufficient for a finding of

15   irreparable harm without supporting evidence. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt.,*

16   *Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (while injunctive relief may be ordered to prevent

17   reputational harm, a finding of reputational harm may not be based on "pronouncements [that] are

18   grounded in platitudes rather than evidence"); *see also Pom Wonderful LLC v. Pur Beverages LLC,*

19   No. CV1306917MMMCWX, 2015 WL 10433693, at *11 (C.D. Cal. Aug. 6, 2015)

20   (unsubstantiated statements were "not *evidence* that [plaintiff's] reputation and goodwill are likely

21   to be harmed absent injunctive relief.") (emphasis in original).

22       Indeed, the notation related to the Doe's SEVIS termination does not state Doe has a

23   criminal history. Compl. ¶ 30; Doe Decl., Ex. B. And Doe has also not shown that the SEVIS

24   termination notation is public, and at this stage of the proceedings at least, he is proceeding under

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00633-DGE] - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   a pseudonym. The only individuals who are privy to his SEVIS termination outside of DHS are

2   Doe and the DSO. *See generally,* Dkts. 1, 3, 7. Doe does not explain how the notation regarding

3   the reason for his SEVIS record termination will be disclosed to his peers, colleagues, or future

4   employers, let alone how those individuals would be led to believe Doe committed a violent crime.

5   Nor does he explain how the termination of his SEVIS record will lead to negative social

6   consequences in his native country.

7       Finally, Doe's claims that he may be detained and placed in removal proceedings because

8   of the termination of his SEVIS record and purported termination of his F-1 status are speculative.

9   Doe does not allege that he has been detained or that he is in administrative removal proceedings.

10  Moreover, courts cannot assume that "the burden of removal alone ... constitute[s] the requisite

11  irreparable injury." *Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011) (citing *Nken*, 556

12  U.S. at 435). "Instead, a noncitizen must show that there is a reason specific to his or her case, as

13  opposed to a reason that would apply equally well to all aliens and all cases, that removal would

14  inflict irreparable harm…" *Id*. Doe has not alleged such particularized harm.

15      **ii.    No likelihood of success on the merits.**

16      Doe cannot prevail on his allegation that his due process rights were violated because he

17  should have been given notice and an opportunity to be heard before DHS terminated his SEVIS

18  record. *See* Dkt. 3, pgs. 7, 13. "A threshold requirement to a substantive or procedural due process

19  claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Doe*

20  *1 v. U.S. Dep't of Homeland Sec.*, No. 220CV09654VAPAGRX, 2020 WL 6826200, at *4 (C.D.

21  Cal. Nov. 20, 2020) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972)). But Doe has

22  not cited any law showing that he has a protected interest in his SEVIS record. District Courts in

23  this circuit have cast doubt on the idea that a protected interest exists in SEVIS records. *Id.*, 2020

24  WL 6826200, at n.3 ("Although Plaintiffs do not allege in the Complaint or Motion a property

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00633-DGE] - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

interest in their SEVIS status, it is equally unlikely that one exists."). And at least two courts have held that a property interest does not exist in SEVIS status. *See Yunsong Zhao v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18CV00189, 2018 WL 5018487, at *6 (W.D. Va. Oct. 16, 2018) (holding that plaintiff did not have an property interest in his SEVIS status that would implicate due process); *Bakhtiari v. Beyer*, No. 4:06-CV-01489 (CEJ), 2008 WL 3200820, at *3 (E.D. Mo. Aug. 6, 2008) (holding that SEVIS regulations and their enabling legislation do not indicate a congressional intent to confer a benefit on nonimmigrant students).

Defendants do not concede that Doe has demonstrated a likelihood of success on the merits on his APA claim. But defending the APA claim on an emergency schedule without an administrative record requires gathering factual information from different component agencies of DHS and from the Department of State, and Defendants have not completed those efforts in time to respond to Doe's motion. This Court should deny Doe's motion even in the absence of this factual information related to the APA claim on the ground that Doe has failed to show the type of irreparable harm required for a TRO.

### iii. Public interest factors.

Lastly, the balance of equities and the public interest factors do not weigh in Doe favor. Even where the government is the opposing party, courts "cannot simply assume that ordinarily, the balance of hardships will weigh heavily in the applicant's favor." *Nken*, 556 U.S. at 436 (citation and internal quotation marks omitted). Here, the public interest weighs in favor of denying the application. "Control over immigration is a sovereign prerogative." *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 750 (9th Cir. 1992). The public interest lies in the Executive's ability to enforce U.S. immigration laws.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
[Case No. 2:25-cv-00633-DGE] - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          **iv.      Bond requirement under Rule 65(c).**

2          Finally, if the Court decides to grant relief, it should order a bond pursuant to Fed. R. Civ.

3  P. 65(c), which states "The court may issue a preliminary injunction or a temporary restraining

4  order ***only if the movant gives security*** in an amount that the court considers proper to pay the

5  costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

6  Fed. R. Civ. P. 65(c) (emphasis added). Accordingly, Doe should be required to pay a bond in an

7  amount the Court determines to be appropriate.

8                                      <u>**CONCLUSION**</u>

9          For all the above reasons, the Federal Defendants requests that the application for TRO be

10  denied.

11          DATED this 15th day of April, 2025.

12                                          Respectfully submitted,

13                                          TEAL LUTHY MILLER
                                            Acting United States Attorney
14
                                            *s/ Whitney Passmore*
15                                          WHITNEY PASSMORE, FL No. 91922
                                            Assistant United States Attorney
16                                          United States Attorney's Office
                                            Western District of Washington
17                                          700 Stewart Street, Suite 5220
                                            Seattle, Washington 98101-1271
18                                          Phone: 206-553-7970
                                            Fax:    206-553-4067
19                                          Email: whitney.passmore@usdoj.gov

20                                          *Attorneys for Defendants*

21                                          I certify that this memorandum contains 2,884
                                            words, in compliance with the Local Civil Rules.
22

23

24