The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE<br><br>　　Plaintiff,<br><br>　　v.<br><br>KRISTI NOEM, *et al.*<br><br>　　Defendants. | No. 2:25-cv-00633-DGE<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Noted for Consideration:<br>April 15, 2025<br><br>Hearing Scheduled:<br>April 17, 2025 at 1:30 PM<br><br>ORAL ARGUMENT REQUESTED |

Defendants' opposition does not argue any lawful basis for the abrupt termination of Plaintiff's F-1 student status, and it fails to refute Plaintiff's clear showing on all *Winter* factors. In fact, two federal courts in the past week have issued TROs against DHS, recognizing that the mass SEVIS status terminations were likely "arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction." *Roe v. Noem*, No. 2:25-cv-00040-DLC, Doc. 11, p. 7 (D. Mont., Apr. 15, 2025) (granting mandatory

Emergency Motion for Temporary Restraining Order – 1
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

1  injunction); *Liu v. Noem*, No. 1:25-cv-00133-SE-TSM, Doc. 13, p. 3 (D.N.H., Apr. 10, 2025)

2  (granting mandatory injunction); *see also Doe No. 2 v. Trump*, No. 4:25-cv-00175-AMM, Doc.

3  7 (D. Ariz., April 15, 2025) (granting prohibitive injunction); *but see C.S. v. Noem*, No. 2:25-

4  cv-00477-WSS, Doc. 22 (W.D. Pa., April 15, 2025) (refusing to grant mandatory injunction,

5  but granting other relief).

6      Plaintiff's requested relief can be framed as either a mandatory or a prohibitive

7  injunction. However, that distinction is moot. Plaintiff meets the higher standard for a

8  mandatory injunction because the law and facts clearly favor injunctive relief. Plaintiff's

9  likelihood of success is clear and substantial under the Administrative Procedure Act ("APA")

10  and the Fifth Amendment. Defendants terminated his SEVIS status in a flagrant violation of

11  their own regulations and without basic due process, and do not attempt to justify that violation

12  in their opposition. If not immediately enjoined, this unlawful termination will inflict

13  irreparable harm by derailing Plaintiff's education and putting him at risk of wrongful removal.

14  By contrast, preserving Plaintiff's status poses no cognizable harm to the government and in

15  fact serves the public interest in the rule of law and avoiding unwarranted deportations. Plaintiff

16  respectfully submits that the Court should grant the TRO and restore him to the status quo ante

17  as other courts have done (*Roe* and *Liu*), or at minimum issue an order barring Defendants from

18  giving effect to the baseless termination while this case is adjudicated (*Doe No. 2*, D. Ariz.).

19

20

21

22

Emergency Motion for Temporary Restraining Order – 2
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

**The Requested TRO Preserves the Status Quo and Meets The Applicable Standard**

Plaintiff asks the Court to maintain the last uncontested status quo – his active SEVIS status – pending resolution of this lawsuit. The government upset the status quo by terminating his SEVIS record without cause on April 4. An order restoring Plaintiff to active status or preventing Defendants from enforcing the termination simply preserves what was in place before Defendants' unlawful act. Courts routinely treat such relief as prohibitory in nature. *See e.g., Ariz. Dream Act Coalition v. Brewer,* 757 F. 3d 1053, 1060-61 (9th Cir. 2014) ("The 'status quo' refers to the legally relevant relationship *between the parties* before the controversy arose."); *Garcia v. Google, Inc.,* 786 F.3d 733, 740 n.4 (9th Cir. 2015) (quoting *N.D. ex rel. Parents v. Haw. Dep't of Educ.,* 600 F.3d 1104, 1112 n.6 (9th Cir. 2010). Indeed, the TRO issued by Judge Elliott required the defendants to "set aside their termination determination", thus reverting the case to the status quo ante, during the short duration proceeding the preliminary injunction hearing. *Liu* at pg. 5 (D.N.H. Apr. 10, 2025). Alternatively, Judge Zipps, in the District of Arizona, enjoined DHS from removing an international student or relying on a SEVIS termination that lacked lawful basis. *Doe No. 2* at 2. This Court can and should provide relief in the same fashion as either of those courts.

Even for mandatory relief, Plaintiff satisfies the heightened requirement. A mandatory injunction should issue where "the facts and law clearly favor the moving party" and when the case is not doubtful. *Garcia v. Google, Inc.,* 786 F.3d 733, 740 (9th Cir. 2015) (internal citations omitted). Where Defendants err as a matter of law, an injunction compelling them to comply is appropriate even under a stricter standard. In *Garcia v. Google,* the Ninth Circuit cautioned that mandatory relief is "particularly disfavored", but only because the plaintiff in that case had not

Emergency Motion for Temporary Restraining Order – 3
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

1  clearly established her underlying claim. *Id*. (Garcia failed to establish that she had a copyright
2  claim in a five-second acting performance). By contrast, Plaintiff here demonstrates a clear
3  legal entitlement to continued F-1 status and Defendants have failed to argue otherwise.
4  Instead, the Defendants claim to have been unable to acquire his administrative record, despite
5  the stipulated extension to the response deadline that was intended to "result in the Court
6  having a more complete record on which to decide the TRO motion." Stipulated Motion and
7  [Proposed] TRO Response Deadline, Doc. 10, pg. 2 (Apr. 11, 2025). As shown below and in
8  Plaintiff's motion, the termination of his status blatantly violated controlling law, and all
9  equitable factors tip sharply in his favor. This case presents exactly the type of law and facts
10 that "clearly favor" his position and warrant affirmative TRO relief. *Garcia* at 740.
11       Moreover, Plaintiff intended that the court consider his request either in the mandatory
12 or prohibitory form: "restore or otherwise reflect Plaintiff's F-1 status as active in SEVIS".
13 Emergency Motion for Temporary Restraining Order, Doc. 3, pg. 15 (Apr. 11, 2025). This
14 approach allows the Court to issue its order in a manner it believes most appropriate, whether
15 in the manner of *Liu* to undo the termination or in the manner of *Doe No. 2* to prohibit
16 Defendants from relying on or utilizing the unlawful termination. In short, no matter how the
17 standard is articulated, Plaintiff meets it and should be granted relief.
18
19 **I.      Plaintiff Is Likely to Succeed on the Merits**
20       A.      Defendants' Termination of Plaintiff's F-1 Status Violates the APA
21       Plaintiff's APA claim is straightforward: the agency action at issue, termination of his
22 F-1 student status in SEVIS, was final agency action and was not in accordance or authorized

Emergency Motion for Temporary Restraining
Order – 4
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

1  by any law. Defendants' opposition ignores the on-point authority holding that SEVIS

2  terminations are reviewable final orders. *Jie Fang v. Dir. United States Immigr. & Customs*

3  *Enf't*, 935 F.3d 172, 175 and 186 (3d Cir. 2019) ("The students are genuinely aggrieved after

4  having their lawful status terminated and a notation of fraud placed on their records, thereby

5  permanently branding each of them with a Scarlett 'F.'"). Defendants cannot escape the clear

6  regulatory limits on their termination power enumerated in 8 C.F.R. §§ 214.1.[1]

7  Defendants' suggestion that Plaintiff's loss of status is not an immediate harm is

8  meritless. The Defendants have issued a final order by terminating Plaintiff's SEVIS status. *Jie*

9  *Fang*, 935 F.3d at 186. That termination had the immediate effect of terminating Plaintiff's

10 studies and research, ability to change status, and ability to start curricular or optional practical

11 training. After termination of SEVIS status, "[i]t is highly unlikely that any student will simply

12 be allowed to remain here." *Id*. One merely has to turn on the evening news to be aware and

13 take notice that the Defendants are actively placing students in removal proceedings for a vast

14 swath of activities, actively violating due process by forcibly removing noncitizens without

15 court review, and ignoring the rule of law by refusing to bring back wrongfully removed

16 noncitizens. Plaintiff should not have to wait and "permanently endure remaining here with the

17 threat of imminent removal and all of its attendant circumstances permanently hanging over

18 [his] head[]." *Id*.

19 Termination of a student's SEVIS record for alleged criminal activity "constitutes a

20 failure to maintain status". 8 C.F.R. § 214.1(g). A failure to maintain status is a ground of

21 deportation: "Any alien who was admitted as a nonimmigrant and who has failed to maintain

---

22 [1] In *Jie Fang*, the court found that "DHS appears to have terminated their F-1 visas without the statutory authority to do so. . . . [T]he ability to terminate an F-1 visa is limited by [8 C.F.R.] § 214.1(d)." *Id*. At 185 fn. 100.

Emergency Motion for Temporary Restraining
Order – 5
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

1  the nonimmigrant status in which the alien was admitted . . . or to comply with the conditions
2  of any such status, is deportable." 8 US.C. § 1227(a)(1)(C)(i). A student who has not
3  maintained status is not eligible to work or study. There are no administrative avenues available
4  to remedy clear agency error in terminating a student's status.  *Jie Fang*, 935 F.3d at 186. Here,
5  Defendants have made a complete and operative decision declaring Plaintiff to be in violation
6  of the terms of his status and therefore terminating it. They do not claim any ongoing process or
7  pending proceeding that could undo it. Their opposition notably does not commit to any
8  internal review; instead, it merely states that they have not reviewed the record. Thus, by every
9  measure, this is final agency action subject to APA review. 5 U.S.C. § 704.
10       On the merits, Plaintiff is more than likely to succeed.  The undisputed facts show that
11  Plaintiff did nothing to violate his F-1 status. Defendants terminated his status without notice or
12  explanation, and the only conceivable rationale, gleaned from similar cases and the vague
13  SEVIS annotation to criminal records, is that DHS is enforcing a new policy –  created without
14  process or publication – terminating students' status based on either visa revocations or
15  criminal record checks that turned up no disqualifying convictions. Neither rationale is legally
16  permissible. DHS's own regulations strictly limit the grounds on which a student's status may
17  be terminated, and Plaintiff's case satisfies none of them. Under 8 C.F.R. § 214.1(d), DHS may
18  terminate an F-1 student's SEVIS status during the period of their authorized stay only in three
19  specific circumstances: (1) revocation of a waiver of inadmissibility under INA § 212(d)(3) or
20  (4); (2) introduction of a private bill to confer permanent resident status on the student; or (3)
21  DHS's publication of a Federal Register notice of national security, diplomatic, or public safety
22  reasons for termination. The regulation states these conditions expressly, and "none of those

Emergency Motion for Temporary Restraining Order – 6
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington  98108
(206) 357-4218

1  mechanisms were employed in this case." *Jie Fang,* 935 F.3d at 185 fn. 100.  This exhaustive

2  list omits the only bases that seem to be in play: a routine criminal background flag. As the

3  Third Circuit observed, DHS appears to be acting "without the statutory authority to do so,"

4  because its power to terminate F-1 status is limited to § 214.1(d) scenarios. *Jie Fang*, 935 F3d.

5  at 185 fn. 100.

6  Defendants try to sidestep this fatal flaw by citing generic immigration enforcement

7  principles, but they identify no statute or regulation that permits the termination of Plaintiff's

8  status. Defendants' opposition tellingly does not dispute that Plaintiff remained fully enrolled,

9  in good academic standing, and never violated any condition of his status. Nowhere do the

10  regulations say that a mere arrest or pending case is grounds for terminating status. Defendants

11  did not have license to terminate his SEVIS status. Indeed, terminating Plaintiff's SEVIS status

12  on the basis of pending criminal charges is both *ultra vires* and arbitrary. Their doing so was

13  "not in accordance with law", "in excess of statutory jurisdiction, authority", and "without

14  observance of procedure required by law" thus making it a classic APA violation. 5 U.S.C. §

15  706(A), (C), (D).  This Court should reach the same decision as the other courts to consider the

16  issue of recent SEVIS terminations and find that Plaintiff is likely to succeed on the merits of

17  his APA claim.

18

19  B. <u>Defendants' Conduct Violates Plaintiff's Fifth Amendment Right to Due Process</u>

20  Defendants contend that Plaintiff lacks any "property interest" in his F-1 status or

21  SEVIS record. Opp. 8. But Plaintiff paid a fee to Defendants at the commencement of his

22  academic program. *See* 8 C.F.R. § 214.2(f)(19); 8 C.F.R. § 214.13(a). In particular, § 214.13(a)

Emergency Motion for Temporary Restraining Order – 7
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

1  directs that specified noncitizens (including Doe) "are required to submit a payment . . . for
2  their status to the Student and Exchange Visitor Program (SEVP) . . . ." *See also* § 214.13(a)(1)
3  (stating F-1 students are required to pay $350). As a result, Plaintiff has a property interest in
4  not having his SEVIS record terminated without notice or an opportunity to respond. *See Wong*
5  *Wing v. United State*s, 163 U.S. 228, 238 (1896) ("all persons within the territory of the United
6  States are entitled to the protection" of the Fifth Amendment). Furthermore, Plaintiff has a
7  property interest in his continued university education, which was immediately halted due to
8  his SEVIS termination and will impact his degree completion and credit transfer to a foreign
9  university. *See, e.g., Assenov v. Univ. of Utah*, 553 F. Supp. 2d 1319, 1327 (D. Utah 2008)
10 ("The parties correctly agree that . . . continued enrollment . . . is a property interest entitled to
11 constitutional due process protections."), citing *Gossett v. Oklahoma ex rel. Bd. of Regents for*
12 *Langston Univ.*, 245 F.3d 1172, 1181 (10th Cir.2001); *Babinski v. Queen*, 621 F. Supp. 3d 632,
13 645 (M.D. La. 2022) (finding a contractual property interest in continuing education that has
14 already started), *rev'd on other grounds sub nom. Babinski v. Sosnowsky,* 79 F.4th 515 (5th Cir.
15 2023); *Caldwell v. Univ. of New Mexico Bd. of Regents*, 679 F. Supp. 3d 1087, 1152 (D.N.M.
16 2023) ("the Court concludes that Caldwell has a property right in his continued education at
17 UNM").
18       Here, Plaintiff has more than a "mere expectation" of continuing his F-1 status; he has
19 been lawfully admitted, paid his SEVIS fee prior to entry, entered into a contract with the
20 University and SEVP to pursue his studies and research, is actively pursuing a doctoral
21 program, and remains in good standing at the University of Washington. Doe Decl. ¶¶ 6–7, 11.
22

Emergency Motion for Temporary Restraining Order – 8
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

1   The legal framework allows him to remain in the United States "for duration of status" so long

2   as he complies with program requirements, which he has. 8 C.F.R. § 214.2(f)(5).

3   In addition to the property interest in his SEVIS status, Defendants' summary

4   termination of Plaintiff's SEVIS record, without notice or opportunity to respond, deprives

5   Plaintiff of a significant liberty interest in not being branded out of status and thus subject to

6   detention or removal. *Yamataya v. Fisher,* 189 U.S. 86, 100–01 (1903); *Jie Fang v. Dir. United*

7   *States Immigr. & Customs Enf't,* 935 F.3d 172, 186 (3d Cir. 2019). A short post hoc hearing—if

8   removal proceedings were ever commenced—cannot remedy the immediate harm inflicted by

9   the wrongful termination, as an immigration judge would lack authority to reinstate F-1 status.

10  8 C.F.R. § 214.2(f)(16). Under *Mathews v. Eldridge,* 424 U.S. 319 (1976), Plaintiff's high

11  private interest, coupled with the grave risk of erroneous deprivation and the minimal

12  governmental interest in skipping basic procedures, compels a finding that due process was

13  violated. Indeed, it is far beyond a mere "risk" of such deprivation. The deprivation has already

14  occurred here with Plaintiff being unable to continue with his degree program, and placing the

15  Plaintiff at risk of losing active research grants that he is working on. Doe Decl. ¶ 5.

16  Defendants do not dispute that they gave Plaintiff no notice or hearing. That alone

17  constitutes a procedural due process violation. *Shaughnessy v. United States ex rel. Mezei,* 345

18  U.S. 206, 212 (1953) ("Aliens who have once passed through our gates…may be expelled only

19  after proceedings conforming to traditional standards of fairness…"). Hence, Plaintiff is also

20  likely to succeed on his due process claim.

21

22

Emergency Motion for Temporary Restraining Order – 9
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

II.     **THE REMAINING EQUITABLE FACTORS STRONGLY FAVOR A TRO**

     A.     Plaintiff Faces Irreparable Harm

Defendants claim that Plaintiff's harms are speculative (Opp. 6–7), but the evidence is unequivocal that termination of SEVIS status:

- Immediately forces Plaintiff to stop his studies and threatens expulsion from his doctoral program. Doe Decl. ¶¶ 5, 12–13.
- Renders Plaintiff ineligible to continue lab research funded by time-sensitive grants. Doe Decl. ¶ 5.
- Marks Plaintiff as "out-of-status," creating a significant risk of being placed in removal proceedings or even detention. *Cf. Nken v. Holder*, 556 U.S. 418, 435 (2009).
- Causes unlawful presence to accrue, subjecting Plaintiff to multi-year bars on reentry if he remains unprotected and is later forced to depart. 8 U.S.C. § 1182(a)(9)(B).

These are quintessential irreparable harms because no later award of damages could restore Plaintiff's lost education or cure the immigration bars triggered by unlawful presence. *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). The risk of detention, removal, and permanent damage to Plaintiff's academic career constitutes imminent irreparable injury warranting immediate relief.

     B.     The Balance of Equities Weighs Heavily in Plaintiff's Favor

Restoring Plaintiff's SEVIS record, or preventing Defendants from interfering with its restoration, simply preserves the status quo—allowing a single doctoral student to continue lawful studies while the Court adjudicates the merits. In contrast, if the TRO is denied,

Emergency Motion for Temporary Restraining Order – 10
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

1  Plaintiff's academic and professional future will be irreparably derailed. It is not equitable or

2  just to permit one party to bear a risk of serious harm while the other party bears no real risk.

3  *See Winter v. NRDC, Inc.*, 55 U.S. 7, 20 (2008) (requiring only that the balance of the equities

4  "tip[]" in Plaintiff's favor). Defendants articulate no specific burden from continuing Plaintiff's

5  F-1 status or any risk that Plaintiff has created pending resolution.

6

7       C. <u>Injunctive Relief Serves the Public Interest</u>

8       When the government is a party, the balance of equities and the public interest factors

9  merge. *Nken*, 556 U.S. at 435. "[I]t may be assumed that the Constitution is the ultimate

10 expression of the public interest." *Llewelyn v. Oakland Cnty. Prosecutor's Off.*, 402 F. Supp.

11 1379, 1393 (E.D. Mich. 1975). Granting a TRO prevents a per se violation of statutory or

12 constitutional protections, which plainly furthers the public interest. Preserving the

13 contributions of international students to American universities and innovation is also in the

14 national interest, as is allowing Plaintiff to complete the research for which he received

15 publicly-funded grants. Defendants still retain every legal avenue to address any legitimate

16 public safety concerns: Plaintiff's mere continuation of studies poses no credible threat.

17       Finally, although there may be a public interest in "the Executive's ability to enforce

18 U.S. immigration laws," Opp. 9, that interest must end when the Executive seeks to enforce its

19 immigration policies without regard to those laws.

20

21

22

Emergency Motion for Temporary Restraining Order – 11
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

D. <u>No Bond or a Nominal Bond Should Be Required</u>

This Court has discretion under Fed. R. Civ. P. 65(c) to waive the bond requirement when the balance of equities strongly favors Plaintiff and there is little risk of monetary harm to Defendants. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011). Here, there is no financial prejudice to the government by maintaining a single student in F-1 status and no indication of costs or damages that the United States might incur if it were later determined the TRO was improvidently granted. Indeed, the Defendants provide no evidence of any financial harm that could accrue in the event that the TRO was improvidently granted. Accordingly, the Court should require no bond, or at most a nominal bond.

### III.   **CONCLUSION**

For the foregoing reasons and the arguments stated in Plaintiff's opening Motion and this Reply, Plaintiff respectfully requests that the Court GRANT the Temporary Restraining Order, restore or otherwise reflect Plaintiff's F-1 status as active in SEVIS, and enjoin any removal or detention based on his SEVIS termination or pending DUI charge, while this case is adjudicated on the merits.

// (continued)

Emergency Motion for Temporary Restraining Order – 12
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington  98108
(206) 357-4218

1    Respectfully submitted this 16th Day of April 2025,

2

3    GAIRSON LAW, LLC

4
     /s/ Jay Gairson
5    Jay Gairson, WSBA 43365

6    4606 Martin Luther King Jr Way S
     Seattle, Washington 98108
7    Ph.     (206) 357-4218
     Fax     (206) 357-4211
8    Em      jay@gairson.com

9
     COUNSEL FOR PLAINTIFF JOHN DOE
10

11

12

13

14

15

16

17

18

19

20

21

22

Emergency Motion for Temporary Restraining Order – 13
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218

**Certificate of Service**

I certify that on April 16, 2025, I electronically filed the foregoing document, together with all attachments, with the Clerk of the Court for the Western District of Washington using the CM/ECF system. As it is presently after business hours, I will serve the United States Attorney via Personal Service first thing tomorrow morning. I have also sent a courtesy copy of this filing, together with all attachments and the Complaint in this matter, via email to Assistant U.S. Attorneys Whitney Passmore <Whitney.Passmore@usdoj.gov>, Alixandria Morris <Alixandria.Morris@usdoj.gov> and Michelle Lambert <Michelle.Lambert@usdoj.gov>.

/s/ Jay Gairson
Jay Gairson, WSBA 43365

Emergency Motion for Temporary Restraining Order – 14
No. 2:25-cv-00633-DGE

GAIRSON LAW, LLC
4606 Martin Luther King Jr Way S
Seattle, Washington 98108
(206) 357-4218