The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN DOE, | Case No. 2:25-cv-00633-DGE |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | |
| KRISTI NOEM, *et al.,* | Noted for Consideration: May 1, 2025 |
| Defendants. | |

Plaintiff Doe's motion for a preliminary injunction should be denied as moot because the extraordinary remedy of a preliminary injunction is unnecessary where Doe has already achieved the relief he seeks. A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). A district court should enter a preliminary injunction only "upon a clear showing that the [movant] is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party must demonstrate (1) that it is likely to succeed on the merits of its claims; (2) that it is likely to suffer an irreparable injury in the absence of injunctive relief; (3) that the balance of equities tips in its favor; and (4) that the proposed injunction is in the public interest. *Id*. at 20. These factors are mandatory. As the Supreme Court has articulated, "[a] stay is not a matter of right, even if

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00633-DGE] - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). Instead, it is an exercise of judicial discretion that depends upon the circumstances of the particular case. *Id.*

Here, according to ICE, the SEVIS record for Doe has been restored to Active. ICE maintains the authority to terminate a SEVIS record for other reasons, such as if Doe fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him removable from the United States under the Immigration and Nationality Act. Accordingly, a preliminary injunction is not necessary to maintain the status quo. A claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir.2007). Because the relief Doe seeks is already in place, the Court should deny Doe's request for a preliminary injunction.

DATED this 28th day of April, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*s/ Whitney Passmore*
WHITNEY PASSMORE, FL No. 91922
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Email: whitney.passmore@usdoj.gov

*Attorneys for Defendants*

I certify that this memorandum contains 357 words, in compliance with the Local Civil Rules.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION
[Case No. 2:25-cv-00633-DGE] - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970