UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| JOHN DOE, | CASE NO. 2:25-cv-00633-DGE |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NO. 4.) |
| v. | |
| KRISTI NOEM et al., | |
| Defendant. | |

**I      INTRODUCTION**

Before the Court is Plaintiff John Doe's Motion for Leave to Proceed Under a Pseudonym. (Dkt. No. 4.) Doe's case arises in the context of a national wave of terminations of F-1 nonimmigrant status records in the Student and Exchange Visitor Information System (SEVIS). This Court, like many others, granted a Temporary Restraining Order (TRO) requiring the reinstatement of Doe's SEVIS record. *Doe v. Noem*, --- F.Supp.3d ---, 2025 WL 1141279 (W.D. Wash. April 17, 2015.) A motion for preliminary injunction is also pending. (Dkt. No.

20.) Here, the Court only considers the narrow issue of whether Doe's identity must be publicly revealed.

District courts enjoy substantial discretion to grant or deny a motion to proceed pseudonymously, though that discretion is channeled through a multi-factor analysis. In this case, the Court finds that Plaintiff has made a showing of need to proceed pseudonymously. Further, Defendants will not be prejudiced by Doe remaining publicly anonymous, because privately his identity has already been disclosed to them, and the public at large will be no worse off, since the docket is unsealed and the Court's legal analysis is public. Therefore, and preferring to err on the side of protecting Doe's privacy interests, the Court will grant the motion.

## II    BACKGROUND

The Court incorporates by reference its discussion of Doe's F-1 SEVIS record and its termination. *See Doe*, 2025 WL 1141279 at *2. As relevant here, Doe states that he wishes to proceed pseudonymously because he "fear[s] retaliation and severe social and legal repercussions in the U.S. and China [his country of origin] due to termination of my student status, my criminal charge, and filing this case, if my identity becomes public." (Dkt. No. 7 at 2.) Doe elaborates:

> I am gravely concerned about the reputation damage that will result from the termination of my SEVIS record. My academic peers, colleagues, and future employers will inevitably suspect me of having committed a crime of violence, will beyond my pending misdemeanor DUI charge. Furthermore, I fear that public knowledge of my DUI would carry significant social repercussions in China, where it would severely damage employment, academic, and family relationships. Public knowledge of both the termination of my SEVIS record in the U.S. and my being charged with a DUI would permanently damage my professional and academic reputation in the United States and China.

(*Id.* at 4.) Doe also points to the recent experiences of other individuals in high-profile immigration cases, stating:

> I have also read that targeted students and other nonimmigrants have been publicly accused of bad things by the U.S. government without an opportunity to rebut those claims, which has resulted in harassment. ICE has deported people to El Salvador based on unsubstantiated allegations of misconduct without due process and I fear the same thing could happen to me. Because my SEVIS record is supposedly terminated, I fear being detained and transferred to a foreign prison, in addition to online and public harassment if my name appears in court filings or the media. Using a pseudonym is critical to avoiding these risks and protecting my safety.

(*Id.* at 2; *see also* Dkt. No. 4 at 5, citing ICE's "illegal conduct" as recognized *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025)). Through counsel, Doe requests this Court order that in all public filings he be referred to only as "John Doe," that any of his personal identifying information be redacted in public filings, and that any document bearing his true identity be filed under seal and not be provided to third parties. (Dkt. No. 4 at 7.)

Defendants oppose Doe's motion. They argue that any fears Doe has about immigration consequences would not be remedied by an order allowing him to proceed pseudonymously, because his identity is already known to Defendants. (Dkt. No. 27 at 2.) They further argue that Doe's desire not to be associated with his DUI charge is unavailing, because the DUI case (and his true name on the criminal docket) is a matter of public record. (*Id.*) Thus, Defendants say, "the public's First Amendment interest in open and transparent judicial proceedings trumps Doe's purported privacy concerns." (*Id.* at 3.)

### III    DISCUSSION

**A. Legal Standard**

The default rule in civil litigation, embodied in Federal Rule of Civil Procedure 10(a) is that "[t]he title of the complaint must name all the parties." Nonetheless, in the Ninth Circuit, "we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–1068 (9th

Cir. 2000) (quoting *United States v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir. 1981)).  The decision to grant or deny permission to proceed anonymously is committed to the district court's discretion.  *Id.* at 1068.  In utilizing that discretion, district courts must consider five factors:

    1. Severity of the threatened harm;

    2. Reasonableness of the anonymous party's fears;

    3. Anonymous party's vulnerability to retaliation;

    4. Prejudice to the opposing party; and

    5. The public interest.

*See id.*  In this analysis, severity of the threatened harm and reasonableness of Plaintiff's fears are the most important and may be analyzed together.  *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010) (*Kamehameha*).  Accordingly, the Court proceeds to apply those factors.

**B. Application**

    1. <u>Severity of the threatened harm</u>

The Court starts by identifying *what harm* is relevant to the instant motion.  *Id.* at 1043 ("First, the district court must identify the harm that the plaintiffs fear.")  The Court agrees with Defendants that Plaintiff's fear of removal, while severe, is not relevant here.  For one, Plaintiff is currently protected from removal by this Court's TRO.  (*See* Dkt. No. 31, extending TRO an additional 14 days).  Moreover, Defendants are correct that because they know Doe's true identity (and Defendants, which include the Department of Homeland Security and its leadership, are the only entities with power to remove Doe), the public disclosure of his identity has no bearing on whether he will be removed or not.  So the Court does not consider fear of removal in this analysis.

However, Plaintiff does face other harms that would flow from public disclosure of his identity, specifically "online and public harassment if my name appears in court filings or the media." (Dkt. No. 7 at 2.) Doe's case has already garnered media attention, with more possible as it progresses. (*See* Dkt. No. 35 at 3 n.8, collecting news articles.) The Court cannot know *ex ante* how severe any online harassment would be if Plaintiff's name were revealed, but the Court need not—and will not—expose Plaintiff to a social experiment to find out. *Cf. Advanced Textile Corp.*, 214 F.3d at 1071 (9th Cir. 2000) ("plaintiffs are not required to prove that the defendants intend to carry out the threatened retaliation."). As discussed *infra*, in the current political environment, Plaintiff's fear of severe online or public harassment if he were named as the Plaintiff in a high-profile immigration case is not unreasonable.

The Court also considers the severity of Plaintiff's fears with respect to being associated with his DUI charge. Defendants are correct that Plaintiff's DUI docket is already public, so in a strict sense Plaintiff is no worse off being associated with the DUI charge in this case. However, this is a much higher-profile action than Plaintiff's DUI case, so prospective employers and other interested parties would be more likely to discover that Plaintiff has been charged with a DUI if his name was disclosed here; as Plaintiff describes it, the DUI charge is "buried in a local docket." (Dkt. No. 35 at 3.) Plaintiff also cites a cultural norm in China known as qiànkē (前科) that makes criminal records a matter of "lifelong disgrace for the individual and family," with repercussions for employment and social standing. (*Id.* at 2.) DUI specifically is also stigmatized in China. (*Id.* at 3.) Even still, and with due respect for these cultural norms, the Court cannot say that the harm of being associated with the DUI charge is a "severe" harm, because it is the same stigmatic injury faced by anyone who has been charged with a criminal offense—or in Plaintiff's case, anyone from China facing a criminal charge.

Therefore, in the next steps of the analysis, the Court principally considers Plaintiff's fear of harassment as the severe harm he faces.

### 2.  Reasonableness of Plaintiff's Fears

Plaintiff's fears are not unreasonable.  Though the Court is limited to the record before it, the Ninth Circuit has specifically instructed district courts to consider social context when evaluating the reasonableness of plaintiff's fears.  *Kamehameha*, 596 F.3d at 1044 ("[t]o judge the reasonableness of the plaintiffs' fears, we must consider the surrounding context and other listeners' reactions to the threats.").  Here, there is a real possibility that Plaintiff—an immigrant charged with a crime—could be the subject of online harassment, intimidation, and/or doxing[1] if his identity was revealed.

Plaintiff raises the example of Abrego Garcia, a Salvadorian immigrant wrongfully removed in violation of a withholding order and sent to the Center for Terrorism Confinement (CECOT).  (*See* Dkt. Nos. 4 at 5, 7 at 2, 35 at 4.); *Abrego Garcia*, 145 S. Ct. at 1018.  The Court does not believe that Plaintiff is in a similar position to Garcia, as he has not been wrongfully removed to a foreign prison, and there is no present reason to believe that is an imminent threat.  But Plaintiff need not prove that he will become the next *cause célèbre* if his name were revealed, he need only show that his fears of harassment are reasonable.  The better comparison is to other individuals in the same circumstance as Plaintiff, and numerous courts to have considered anonymity for students facing F-1 nonimmigrant status revocations in recent days have ruled in favor of anonymity.  *See Doe #1 v. Noem*, No. 25-CV-317-WMC, 2025 WL 1207190 (W.D. Wis. Apr. 25, 2025); *Arizona Student Doe #1 v. Trump*, No. CV-25-00174-TUC-

---

[1] Dox means "to publicly identify or publish private information about (someone) especially as a form of punishment or revenge."  Miriam Webster, *Dox* (last visited May 1, 2025) https://www.merriam-webster.com/dictionary/dox.

JGZ, 2025 WL 1192826, at *3–4 (D. Ariz. Apr. 24, 2025); *SD Student Doe #1 v. Noem*, No. 25-CV-926-RSH-BLM, 2025 WL 1194080, at *7–8 (S.D. Cal. Apr. 24, 2025); *Doe v. Noem*, No. 2:25-CV-01103-DAD-AC, 2025 WL 1134977, at *2–3 (E.D. Cal. Apr. 17, 2025); *W. B., v. Noem, et al.*, No. 25-CV-03407-EMC, 2025 WL 1180296, at *1 n.1 (N.D. Cal. Apr. 23, 2025); *Doe v. Noem*, No. 3:25-CV-00023, 2025 WL 1161386, at *1 n.1 (W.D. Va. Apr. 21, 2025); *Student Doe No. 1 v. Noem*, No. CV 25-1962, 2025 WL 1224783, at *1 n.1 (E.D. Pa. Apr. 28, 2025).[2]

In the current social context, there are countless individuals who oppose immigration generally, direct their attention to "criminal aliens" specifically, and pose a real risk of harassing Plaintiff. That risk is especially acute online, and the Ninth Circuit has highlighted online threats as a justification for anonymity. *Kamehameha*, 596 F.3d at 1044 ("In context, the threats on the internet become much more frightening."). Plaintiff notes that the White House recently placed a row of poster-sized "mugshot-style" photos of noncitizens with criminal histories on its front lawn, an act intended to draw negative media attention to these individuals. (*See* Dkt. No. 35 at 4–5.) Other courts to consider this issue, including in this circuit, have found similarly. *Doe*, 2025 WL 1134977, at *2 ("Plaintiff has provided evidence regarding surging hate crimes, anti-immigrant messaging from the White House and DHS" and other reasons for reasonable fear). Viewed in this light, Plaintiff's fears of harassment are not unreasonable.

### 3. Plaintiff's Vulnerability to Retaliation

Plaintiff is vulnerable to retaliation, to a modest degree. He is a noncitizen who has already been through a public ordeal, having his student visa status terminated, his career and

---

[2] The Court is aware of one F-1 student case where a motion to proceed pseudonymously was denied, but the court's reasoning was stated on the record and is not currently available. *Shandilya et al v. Noem*, Case No. 2:25-cv-00477-WSS, Dkt. No. 21 (W.D. Pa. April 15, 2025).

ORDER GRANTING MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM (DKT. NO. 4.) - 7

future in this country placed in jeopardy, and his case profiled in the media. He does have the assistance of able counsel and currently is protected by a TRO. But were he the subject of harassment and reprisal after being identified, it could impair his ability to continue pursuing this litigation.

### 4. Prejudice to Defendants

Critically, the Court finds that Defendants will suffer no prejudice if Plaintiff is not named. They acknowledge that they already know his identity. (Dkt. No. 27 at 2.) Other courts considering F-1 student cases have similarly found no prejudice to defendants where the student's identity is known. *Arizona Student Doe #1*, 2025 WL 1192826, at *4 ("Plaintiff has already provided Defendants with identifying information to allow Defendants to investigate and defend this lawsuit, and thus, they will suffer no prejudice."). Here, Defendants have nothing to gain if Plaintiff's identity is revealed, whereas he has much to lose, and that weighs heavily in the Court's analysis.

### 5. Public Interest

The public interest in open judicial proceedings is paramount, but it is not impaired by Plaintiff's continuing anonymity. As noted *supra*, the docket in this case remains unsealed, and the pertinent legal analysis is available for public consumption and discussion. The only detail not known to the public is Plaintiff's name, but that would add little value to the public discourse. As the Ninth Circuit observed, "we fail to see[] how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case." *Advanced Textile Corp.*, 214 F.3d at 1072.

Moreover, courts have held that public interest in disclosure of a plaintiff's identity is lessened when the government is the defendant. *John Does 1–5 v. McCrory*, No. 1:13-cv-711,

2014 WL 29352, at *2 (M.D.N.C. Jan. 3, 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  The rationale is that "the filing of an action challenging the constitutional validity of government activity generally involves no injury to the Government's reputation, while an action against a private party can result in damage to the defendant's reputation as well as economic harm."  *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) (cleaned up).  This Court agrees and finds that "Plaintiff's need for anonymity outweighs any prejudice to Defendants and the public interest in knowing Plaintiff's identity." *Arizona Student Doe #1*, 2025 WL 1192826, at *4.

## IV   CONCLUSION

For the foregoing reasons, the balance of factors weighs in favor of anonymity, and the Motion to Proceed Under Pseudonym is GRANTED.  The Court ORDERS that:

1. In all public filings, including pleadings, motions, and exhibits, the parties shall refer to Plaintiff only as "John Doe" and shall redact Plaintiff's name and personal identifying information; and

2. Defendants shall refrain from disclosing Plaintiff's real name and personal identifying information to any third party or in the public record, except as required to carry out their official duties or as otherwise ordered by the Court, and only under seal if filed with the Court.

Dated this 5th day of May, 2025.

David G. Estudillo
United States District Judge