Chief Judge David G. Estudillo

BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| John Doe,<br><br>    Plaintiff,<br><br>    v.<br><br>Kristi Noem, *et al.*,<br><br>    Defendants. | No. 2:25-cv-00633-DGE<br><br>Stipulated Motion to Dismiss and Order<br><br>Noting Date: September 30, 2025 |

Plaintiff and Defendants hereby stipulate to the following:

1) **SEVIS Records Reactivated**: The Student and Exchange Visitor Information System ("SEVIS") record for each Plaintiff in these cases has been reset to "active" status by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2) **No Status Gap (Retroactive Activation)**: The reactivation of each Plaintiff's SEVIS record is retroactive to the date of its initial termination, so that there is

Stipulated Motion to Dismiss and
[Proposed] Order – 1
No. 2:25-cv-00633-DGE

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

no gap or lapse in the record. Although the SEVIS event history will reflect whatever modifications were made, the effect of this retroactive activation is as though the termination did not happen.

3) **Restoration of Training Authorizations**: To the extent any Plaintiff is participating in Optional Practical Training ("OPT"), the Science, Technology, Engineering, and Math ("STEM") OPT extension, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT is reset to the end date that was recorded in the Plaintiff's SEVIS record prior to its termination. DHS amended Plaintiff's SEVIS Unemployment Counter to ensure that the Plaintiff's accumulated no "unemployed" days in SEVIS as a result of the subject SEVIS termination.

4) **No Re-Termination Based on Prior NCIC/Visa Revocation Information**: ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate any Plaintiff's SEVIS record based solely on the National Crime Information Center ("NCIC") record or any associated visa revocation that was effective upon departure which precipitated the prior termination. ICE retains the authority to terminate a SEVIS record for other lawful reasons (for example, if a student fails to maintain his or her nonimmigrant status after reactivation, or if the student engages in other conduct that would render them removable under the Immigration and Nationality Act).

5) **No Removal Based on Prudential Visa Revocation**: A visa revocation that is effective upon departure (i.e. a prudential revocation, not immediately effective)

Stipulated Motion to Dismiss and
[Proposed] Order – 2
No. 2:25-cv-00633-DGE



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

does not establish removability under INA § 237(a)(1)(B) and is not a basis, in itself, for terminating a SEVIS record under ICE's new policy. Accordingly, ICE will not initiate removal proceedings or otherwise make removal efforts against any Plaintiff solely on the basis of a visa revocation that is effective upon departure.

6) **Confirmation of No Immediate Revocation**: Pursuant to INA § 221(i), any visa revocation must be communicated to the Department of Homeland Security ("DHS"). DHS affirms that it has not received notification from the Department of State that the visas of the Plaintiff in this action have been revoked with immediate effect. To the extent any such revocations exist, Plaintiff's visa revocations are effective upon departure.

7) **No Negative Impact on Benefits Applications**: The termination and subsequent reactivation of each Plaintiff's SEVIS record by SEVP (as noted in Paragraph 1) will not, in itself, have any negative impact on U.S. Citizenship and Immigration Service's ("USCIS") adjudication of any immigration benefit request. If, in the course of adjudicating an immigration benefit, USCIS observes that a Plaintiff's F-1 SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request in accordance with all applicable laws, regulations, policies, and procedures the prior termination.

8) **USCIS Coordination on Evidence of Status**:  To the extent USCIS issues a request for evidence, notice of intent to deny, or denial in the adjudication of an

Stipulated Motion to Dismiss and
[Proposed] Order – 3
No. 2:25-cv-00633-DGE



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

immigration benefit request that is based in whole or part on the termination and reactivation of Plaintiff's SEVIS records, Plaintiff agrees to provide this Stipulation to USCIS in the first instance. If, after receipt of this Stipulation from Plaintiff, USCIS requires additional information about the scope of this Stipulation from Defendants, Plaintiff's counsel shall notify Defendants of the information requested by USCIS regarding the scope of this Stipulation and Defendants shall timely provide to USCIS and Plaintiff's counsel their response regarding the scope of this Stipulation.

9) **Notification to Department of State**: Defendants shall communicate the terms of this Stipulation to the U.S. Department of State, so that the Department of State is aware of the resolution of this matter (including the reactivation of Plaintiff's SEVIS records and the understanding that any visa revocations were not effective immediately).

10) **Dismissal of Action**: Upon execution of this Stipulation and implementation of the above terms, Plaintiff shall dismiss this action without prejudice. Each party shall bear its own fees and costs.

Stipulated Motion to Dismiss and
[Proposed] Order – 4
No. 2:25-cv-00633-DGE



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

Respectfully submitted this 30th day of September, 2025.

| | |
|---|---|
| GAIRSON LAW, LLC | TEAL LUTHY MILLER<br>ACTING UNITED STATES ATTORNEY |
| _/s/ Jay Gairson_<br>Jay Gairson, WSBA 43365<br>4606 Martin Luther King Jr. Way S.<br>Seattle, WA  98108<br>Tel.     (206) 357-4218<br>Em.     jay@gairson.com | _/s/ Lyndsie R. Schmalz_<br>Lyndsie R. Schmalz, CA Bar No. 285004<br>United States Attorney's Office<br>Western District of Washington<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98101-1271<br>Tel.     206-553-7970<br>Fax     206-553-4067<br>Em.     lyndsie.r.schmalz@usdoj.gov |
| OPEN SKY LAW, PLLC | |
| _/s/ Devin T. Theriot-Orr_<br>Devin T. Theriot-Orr, WSBA 33995 | *Attorneys for Defendantss* |
| _/s/ Whitney Wootton_<br>Whitney C. Wootton, WSBA 54074<br>20415 72nd Ave S., Ste 110<br>Kent, WA  98032<br>Tel.     (206) 962-5052<br>Fax     (206) 681-9663<br>Em.     devin@opensky.law<br>        whitney@opensky.law | |
| *Attorneys for Plaintiff* | I certify this document contains 720 words in compliance with the Local Civil Rules. |

Stipulated Motion to Dismiss and
[Proposed] Order – 5
No. 2:25-cv-00633-DGE



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

**ORDER**

The parties, having stipulated and agreed, it is so **ORDERED**.

DATED this 1st day of October 2025.

                                               DAVID G. ESTUDILLO
                                               United States Chief District Judge

Stipulated Motion to Dismiss and
[Proposed] Order – 6
No. 2:25-cv-00633-DGE



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law